UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **DELRICO LAMON DAVIS,** | ) |
| Movant, | ) |
| v. | ) Case No. 1:21-cv-08016-KOB |
| | )           1:19-cr-236-KOB-SGC |
| **UNITED STATES OF AMERICA,** | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

This matter comes before the court on Delrico Lamon Davis' *pro se* "Motion to Vacate, Set Aside, or Correct Sentence" pursuant to 28 U.S.C. § 2255 (Cv. Doc. 1). Mr. Davis pled guilty to four drug charges and two illegal gun possession charges in October 2019. (Cr. Doc. 21).[1] The court sentenced Mr. Davis to a term of 240 months on July 1, 2020. (Cr. Doc. 42).

Mr. Davis now collaterally attacks his conviction and sentence, arguing that his counsel was ineffective to the point of violating his Sixth Amendment right to counsel by failing object to Mr. Davis' designation as a career criminal under the Sentencing Guidelines. The court liberally construes Mr. Davis' motion because he

---

[1] Documents from Mr. Moore's criminal matter, case number 2:17-cr-00378-KOB-SGC, are designated "Cr. Doc. ___." Documents from Mr. Moore's § 2255 action, case number 2:21-cv-08009-KOB, are designated "Cv. Doc. ___."

1

is proceeding *pro se*. *See Mederos v. United States*, 218 F.3d 1252, 1254 (11th Cir. 2000).

Mr. Davis argues that the court improperly treated his three prior drug convictions as predicate offenses for designation as a career criminal under the Sentencing Guidelines and that his counsel—first Mr. Kevin Roberts and later Ms. Katherine Luker—rendered inadequate assistance by failing to object to the career criminal designation. But the Eleventh Circuit has already ruled that violations of the statute underlying Mr. Davis' prior drug convictions categorically qualify as predicate offenses. *Hollis v. United States*, 958 F.3d 1120, 1122 (11th Cir. 2020) (per curiam). Any argument to the contrary would accordingly have been futile. So, the court will deny Mr. Davis' motion.

**I.     BACKGROUND**

On three separate occasions in March and April 2018, law enforcement officials working with a criminal informant arranged purchases of methamphetamine from Mr. Davis. On one of these three occasions, the criminal informant also purchased a pistol from Mr. Davis. Following the last of the three transactions, law enforcement officers searched Mr. Davis' residence pursuant to a warrant and recovered various contraband, including heroin and a gun that had been reported stolen. (Cr. Doc. 41 at ¶¶ 17-30). A grand jury indicted Mr. Davis in April 2019, and another grand jury returned a superseding indictment on

September 26, 2019 that charged Mr. Davis with seven counts relating to drug trafficking and illegal gun possession.

 A. <u>Sentencing</u>

On October 25, 2019 Mr. Davis entered a binding plea agreement with a sentence of 240 months, covering three counts of possession with intent to distribute methamphetamine, one count of possession with intent to distribute heroin, and two counts for possessing a firearm as a felon. In exchange, the government agreed to dismiss Count Three of the indictment, which had charged Mr. Davis with using and carrying a firearm in connection with a drug trafficking crime, a count that carried a mandatory minimum sentence of five years, consecutive to any other sentence. (Cr. Doc. 21); 18 U.S.C. § 924(c)(1)(A). The court accepted the binding plea at the October 25 hearing. Mr. Davis moved to withdraw his binding guilty plea on January 9, 2020 (cr. doc. 23) and again on March 20, 2020 (cr. doc. 30), but later withdrew those requests on June 10, 2020 (cr. doc. 36). The court set a hearing on Mr. Davis' motion to withdraw his plea but continued that hearing and did not reset it before Mr. Davis withdrew his request. (Cr. Docs. 24, 28). In February 2020, between the two requests to withdraw his plea, Ms. Luker replaced Mr. Roberts as counsel to Mr. Davis.

The court held a sentencing hearing on July 1, 2020 and sentenced Mr. Davis to 240 months in prison. (Cr. Doc. 42). The sentence included a career

criminal enhancement based on Mr. Davis' three prior drug distribution convictions under Ala. Code § 13A-12-211. *See* (cr. doc. 41 at ¶ 44). Mr. Davis did not take a direct appeal of his conviction and sentence.

  B. <u>Habeas Case</u>

Mr. Davis filed his current habeas petition on June 21, 2021. (Cv. Doc. 1). The court ordered the government to show cause why it should not grant the petition on June 28, 2021, and the government filed its response on September 14, 2021. (Cv. Docs. 2, 6). The court subsequently notified Mr. Davis that it would treat his case as ripe for summary disposition and provided him the opportunity to submit any additional evidentiary materials or legal arguments for consideration by October 15, 2021. (Cv. Doc. 7). The court subsequently extended that deadline twice at Mr. Davis' request, first to November 18, 2021 and then to December 17, 2021. (Cv. Docs. 9, 11). Mr. Davis submitted additional filings shortly after the extended deadline on December 20, 2021. (Cv. Docs. 12, 13).

## II. LEGAL STANDARD

The Sixth Amendment to the United States Constitution guarantees every criminal defendant the right to the assistance of counsel. But as the Supreme Court explained in *Strickland v. Washington*, merely having a lawyer does not in itself fulfill the Sixth Amendment if that lawyer's assistance is ineffective—that is, if (1) counsel's performance falls below an objective standard of reasonableness and (2)

the defendant suffers prejudice because of the shortcomings in counsel's representation. 466 U.S. 668, 684-91 (1984). To be effective, a lawyer's performance does not need to be perfect—only within "the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. As a result, the question is not whether a criminal defendant had the best lawyer or even a good lawyer, but merely "whether some reasonable lawyer . . . could have acted, in the circumstances, as defense counsel acted." *Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc) (quoting *White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992)). In addition to showing that counsel's performance was deficient, a defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

### III.   DISCUSSION

As Mr. Davis acknowledges in his most recent filing, the arguments he presented in his motion boil down to a single claim: that his counsel was ineffective for failing to challenge the treatment of his prior Alabama drug convictions as predicate offenses for a career criminal designation under § 4B1.2(b) of the Sentencing Guidelines. *See* (cv. doc. 13 at 1). The presentence report explained that Mr. Davis was subject to enhancement as an "armed career criminal" under 18 U.S.C. § 924(e) because one of his convictions (Count Four)

5

was under 18 U.S.C. § 922(g) and he had "at least three prior convictions for serious drug offenses," namely three convictions for "Distribution of a Controlled Substance" in the Calhoun County Circuit Court. (Cr. Doc. 41 at ¶ 44). Mr. Davis argues in essence that his prior convictions were improperly treated as "serious drug offenses" and that Mr. Roberts and later Ms. Luker failed to recognize that misclassification.

Title 18 U.S.C. § 924(e)(2)(A)(ii) defines the term "serious drug offense" as including "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." The question, then, is whether Mr. Davis' prior convictions under Alabama state law meet these criteria—or rather, whether they so clearly do not that no reasonable lawyer would fail to raise the issue.

Mr. Davis acknowledges that he and the government "seem to be in agreement" that his prior convictions are under § 13A-12-211 of the Alabama Code. (Cv. Doc. 13 at 12). But Mr. Davis argues that § 13A-12-211 "did not qualify as 'a controlled substance offense' pursuant to [Section] 4B1.1(b) of the Sentencing Guidelines" because it "criminalizes a greater swath of conduct than the elements of the relevant United States Sentencing Guidelines Offenses,"

6

pointing to *United States v. Mathis*, 579 U.S. 500 (2016). (Cv. Doc. 13 at 12). As the Supreme Court explained in *Mathis*, "a state crime cannot qualify as an ACCA [Armed Career Criminal Act] predicate if its elements are broader" than those of the offenses the ACCA references. Mr. Davis argues that at least some offenses covered by Ala. Code § 13A-12-211 would not qualify as "serious drug offenses" under 18 U.S.C. § 924 and that his convictions under § 13A-12-211 therefore cannot be used as ACCA predicate offenses. Mr. Davis contends that he urged his counsel to raise this argument and that Mr. Roberts' and Ms. Luker's decisions not to pursue it constitute ineffective assistance of counsel. (Cv. Doc. 13 at 8, 21).

The statute underlying Mr. Davis' prior convictions, Ala. Code § 13A-12-211, provides: "A person commits the crime of unlawful distribution of controlled substances if, except as otherwise authorized, he or she *sells, furnishes, gives away, delivers, or distributes* a controlled substance…" (emphasis added). Based on 18 U.S.C. § 924(e)'s definition of "serious drug offense," the question is whether any of the offenses covered by § 13A-12-211—selling, furnishing, giving away, delivering, or distributing a controlled substance—does not "involv[e] manufacturing, distributing, or possessing with intent to manufacture or distribute" that substance. Mr. Davis contends that the terms "furnishes" and "gives away" fall short of the "serious drug offense" definition. (Cv. Doc. 13 at 16-18). He proceeds to argue that the government did not produce evidence of whether Mr. Davis'

7

conviction was based on "distributing" versus "furnishing," requiring the court to assume he was convicted of the lesser offense that he claims cannot be a predicate for the career offender enhancement. (Cv. Doc. 13 at 12-14, 20).

The very contention that Mr. Davis makes—that offenses under § 13A-12-211 are not predicate offenses for a career criminal designation—was rejected by the Eleventh Circuit a little under two months before his sentencing. In *Hollis v. United States*, the Eleventh Circuit had granted a certificate of appealability "on the issue whether trial and appellate counsel were ineffective for failing to argue that Hollis's two prior convictions for distributing cocaine [under] Ala. Code § 13A-12-211 and [a third conviction under a similar Georgia statute] could not serve as predicate controlled substances offenses for the career-offender provision of the Sentencing Guidelines, U.S.S.G. § 4B1.1(a), or as predicate serious drug offenses under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(A)(ii)." 958 F.3d 1120, 1122 (11th Cir. 2020) (per curiam).

The court in *Hollis* rejected the petitioner's ineffective assistance claim and held that his "prior convictions in Alabama categorically qualify as predicated offenses under both the [ACCA] and the career-offender provision of the Guidelines." 958 F.3d at 1123. The Eleventh Circuit held that distribution "includes selling, furnishing, or delivering." 958 F.3d at 1123 (quoting *Hemphill v. State*, 669 So. 2d 1020, 1022 (Ala. Crim. App. 1995)). Accordingly, even the

"furnishes" and "gives away" components of Ala. Code § 13A-12-211 amount to distributing and fall within the scope of offenses that can serve as predicate "serious drug offenses" under 18 U.S.C. § 924(e)(2)(A)(ii).

The Eleventh Circuit's decision in *Hollis* squarely forecloses the arguments Mr. Davis makes. As a result, Mr. Davis suffered no prejudice from Mr. Roberts' and Ms. Luker's decisions not to raise meritless objections, nor were their performances deficient because of those decisions. Mr. Davis meets neither prong of the *Strickland* test for ineffective assistance of counsel, so his claim fails.

While Mr. Davis' latest filing appears to abandon these additional arguments, his original § 2255 motion also argues that his counsel failed to argue that the state offenses cannot serve as predicates for a career offender enhancement because they carry only a one-year sentence. (Cv. Doc. 1 at 6-7). "Serious drug offenses" under 18 U.S.C. § 924(e) must, *inter alia*, carry a maximum sentence of ten years or more.  In fact, however, Mr. Davis' offenses were Class B felonies under Alabama law, carrying a minimum sentence of <u>two</u> years and a maximum of 20 years, more than satisfying the maximum sentence requirement for a "serious drug offense" under § 924(e). *See* Ala. Code §§ 13A-12-211(b), 13A-5-6(a)(2).

## IV.   CONCLUSION

Mr. Davis' ineffective assistance of counsel claim centers on the contention that he would have received a lesser sentence had his counsel pursued an argument

that Mr. Davis' prior drug convictions were not predicate "serious drug offenses" for a sentencing enhancement under 18 U.S.C. § 924(e). The Eleventh Circuit, however, had already ruled at the time of Mr. Davis' sentencing that offenses under the relevant Alabama statute categorically *are* predicate offenses. Choosing not to raise a meritless objection, far from being ineffective assistance, is prudent and appropriate conduct for an attorney. So, the court will DENY Mr. Davis' motion for relief under 28 U.S.C. § 2255.

**DONE** and **ORDERED** this 12th day of January, 2023.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE